**WILSON TURNER KOSMO LLP**
ROBERT A. SHIELDS (206042)
HANG ALEXANDRA DO (305839)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: rshields@wilsonturnerkosmo.com
E-mail: hdo@wilsonturnerkosmo.com
E-mail: warrantyeservice@wilsonturnerkosmo.com

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINE DIANNE ABRAHAM, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>FORD MOTOR COMPANY, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No. 2:23-cv-02997-JAM-DB<br><br>**FORD MOTOR COMPANY'S DISCOVERY PLAN**<br><br>State Ct. Complaint Filed: November 20, 2023<br><br>District Judge: John A. Mendez<br><br>Trial Date: Not set |

Pursuant to the Federal Rules of Civil Procedure Rule 26(f) and this Court's December 22, 2023, Order Requiring Service of Process and Joint Status Report, Defendant FORD MOTOR COMPANY ("Ford" or "Defendant") submits this discovery plan. Ford also submits the Declaration of Hang Alexandra Do in support of Ford's Discovery Plan and attempt to meet and confer with Plaintiff's counsel in an attempt to file a joint discovery plan, pursuant to the Court's Order.

### 1. NATURE OF THE CASE:

Based on the available information, Ford states that Plaintiff alleges violations of the Song-Beverly Act, and breach of express and implied warranties against Ford. Plaintiff's basis for these allegations hinge on certain vaguely defined vehicle

conditions that allegedly arose during the Plaintiff's ownership of the subject vehicle. Ford denies Plaintiff's allegations and asserts that the subject vehicle met or exceeded all applicable industry and government standards, was not defective as designed, manufactured, sold or represented to Plaintiff; and, that any service conditions experienced by Plaintiff did not substantially impair the use, value, or safety of the subject vehicle. Otherwise, Ford has not completed its investigation or engaged in formal discovery concerning the allegations made in Plaintiff's Complaint. Ford's defenses in this matter depend on the specific legal theories and factual bases advanced by Plaintiff. Ford has exercised its right to plead in the alternative, and in support of that right has pled the following affirmative defenses and/or denials and further reserves the right to amend its pleadings to assert additional defenses, as appropriate, and as discovery in this matter progresses

**2. SERVICE**

Ford believes all parties have been properly served, and the appearance of additional parties is not anticipated.

**3. JOINDER**

Ford does not anticipate joinder of additional parties at this time.

**4. AMENDMENT OF PLEADINGS**

An amended pleading is not anticipated at this time.

**5. SUBJECT MATTER JURISDICTION:**

<u>Defendant's Position</u>:

This case was filed in the Superior Court of California, County of Stanislaus on November 20, 2023. Defendant filed a notice of removal on December 22, 2023 on diversity jurisdiction grounds.

**6. ANTICIPATED MOTIONS**

Ford believes a motion for determination of attorney's fees may be necessary.

///

///

**7. ANTICIPATED DISCOVERY:**

Ford anticipates discovery will include, but not be limited to, Plaintiff's purchase, ownership, use, operation, and maintenance of the subject vehicle; the timing and extent of service and repairs to the subject vehicle; Plaintiff's communications with Defendant and all dealership(s) regarding alleged defects with the subject vehicle; dealership efforts to repair or address any alleged defects with the subject vehicle; Plaintiff's claimed damages; and, facts related to each of Plaintiff's causes of action. Ford contends that discovery should be limited to information regarding the specific conditions, repairs, and maintenance experienced by Plaintiff in the subject vehicle during Plaintiff's ownership of the vehicle. To the extent discovery involving other vehicles is sought and not otherwise objected to, said discovery should be limited to the specific conditions, repairs, and maintenance that are identified by Plaintiff as giving rise to the claims in this case and the same model year as the subject vehicle.

    **a. Initial Disclosures**

Ford will exchange initial disclosures as required per Rule 26(a)(1).

    **b. Discovery Subjects**

Ford suggests a phased approach to discovery, namely, start with an inspection of the subject vehicle and Plaintiff's deposition. This will better establish the facts and claims in the case, including the current status of the subject vehicle. Thereafter, as needed, the Parties will serve written discovery limited to actual issues in the case as demonstrated by the vehicle inspection and depositions of Plaintiff.

Ford anticipates discovery will include, but not be limited to, Plaintiff's purchase, ownership, use, operation, and maintenance of the subject vehicle; the timing and extent of service and repairs to the subject vehicle; Plaintiff's communications with Defendant and all dealership(s) regarding alleged defects with the subject vehicle; dealership efforts to repair or address any alleged defects with the subject vehicle; Plaintiff's claimed damages; and, facts related to each of

Plaintiff's causes of action. Ford contends that discovery should be limited to information regarding the specific conditions, repairs, and maintenance experienced by Plaintiff in the subject vehicle during Plaintiff's ownership of the vehicle. To the extent discovery involving other vehicles is sought and not otherwise objected to, said discovery should be limited to the specific conditions, repairs, and maintenance that are identified by Plaintiff as giving rise to the claims in this case and the same model year as the subject vehicle.

Ford anticipates discovery will include at least an inspection of the subject vehicle, the deposition of Plaintiff, depositions of any other third party entities or individual(s) with relevant information regarding Plaintiff's purchase of or service to the subject vehicle, and deposition(s) of Plaintiff's expert witness(es). Defendants may also propound written discovery to Plaintiff including written interrogatories, document demands, and requests for admission.

### c. Limitations on Discovery

Ford strongly objects to any depositions above the 10 allotted by Rule 30 without leave of court. Ford suggests a phased approach to discovery, namely, start with an inspection of the subject vehicle and Plaintiff's deposition. This will better establish the facts and claims in the case, including the current status of the subject vehicle. Thereafter, as needed, the Parties will serve written discovery limited to actual issues in the case as demonstrated by the vehicle inspection and depositions of Plaintiff.

### d. Scheduling of Discovery and Expert Disclosures

See Exhibit A for the proposed Discovery Cut-Off and Expert Discovery dates.

## 8. APPROPRIATENESS OF SPECIAL PROCEDURES:

Ford does not believe that the case is appropriate for special procedures.

## 9. ESTIMATE OF TRIAL TIME

Defendant estimates trial will take approximately 4 court days. Defendant also requests a trial by jury. Defendant anticipates calling 5-7 witnesses.

**10. MODIFICATION OF STANDARD PRETRIAL PROCEDURS**

Ford does not anticipate a modification of standard pretrial procedures.

**11. RELATED CASES**

Ford believes there are no related cases.

**12. SETTLEMENT CONFERENCE**

To date, the Parties have not yet engaged in any settlement negotiations. Ford is amenable to a settlement conference after initial disclosures are exchanged.

Dated: February 20, 2024       **WILSON TURNER KOSMO LLP**

By:  /s/ *Hang Alexandra Do*
ROBERT A. SHIELDS
HANG ALEXANDRA DO
Attorneys for Defendant
FORD MOTOR COMPANY

# EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 2:23-cv-02997-JAM-DB |
|---|---|
| Case Name: | Kristine Dianne Abraham v. Ford Motor Company |

| Event | Ford's Request | Court's Order |
|---|---|---|
| Jury Trial – Length: 6 days | April 14, 2025 | |
| Final Pretrial Conference | February 14, 2025 | |
| Last Date to Hear Non-Discovery Motions | November 8, 2024 | |
| Last Date to Conduct Settlement Conference | January 10, 2025 | |
| All Discovery Cut-Off (including hearing all discovery motions) | October 11, 2024 | |
| Expert Discovery Cut-Off | December 20, 2024 | |
| Expert Witness Disclosure (Rebuttal) | November 29, 2024 | |
| Expert Disclosure (Initial) | November 8, 2024 | |